J-S28030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF : M.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF : R.T., FATHER | No. 3136 EDA 2015 |

Appeal from the Order Entered September 10, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-DP-0001971-2015
FID: 51-FN-001643-2015

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                        **FILED MARCH 29, 2016**

R.T. (Father) appeals from the order, entered in the Court of Common Pleas of Philadelphia County, making a finding of child abuse with aggravated circumstances and medical neglect of his minor child, M.L. (Child).  The order also stated that no further efforts would be made to reunite Father and Child.[1]  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that this order is appealable as a collateral order, which is one that is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  Pa.R.A.P. 313; *see In re R.C.*, 945 A.2d 182, 184 (Pa. Super. 2008) ("If this Court were to wait to address the finding of aggravated circumstances until [Children and Youth Services] files a petition to involuntarily terminate appellant's parental rights, . . . appellant

*(Footnote Continued Next Page)*

Child was born on February 8, 2013, at 26 weeks gestation, weighing 1 pound, 5.5 ounces. Child suffered complications from prematurity, including trouble with feeding, nasal deformity, intrauterine growth restriction, retinopathy of prematurity, chordee, and hypospadias. Child was hospitalized from his birth in February 2013 until June 2013. During this time, Father received information regarding Child's condition and proper care. Father lived with Mother and Child from June 2013 to August 2013. Thereafter, he typically saw Child on a monthly basis. Mother ordinarily took Child to medical appointments; Father took Child to an appointment at least once, on May 19, 2015.

At a well visit on August 28, 2013, Child weighed 7 pounds, 4 ounces. Child had missed multiple doctors' visits, including urology and plastic surgery appointments. E.L. (Mother) was informed that if Child continued to miss appointments, he would be at risk of failure to thrive. On September 23, 2013, the Department of Human Services received a Child Protective Services (CPS) report with allegations of medical neglect of Child by his parents. Thereafter, Child continued to miss many medical appointments. He had poor growth due to a lack of proper caloric intake through his gastric tube, which was placed so that he could receive food by a feeding pump, because scheduled feedings were delayed or cut short. Child also was

*(Footnote Continued)* ─────────────────

would lose the opportunity to challenge what most likely will be the very basis for that petition.").

- 2 -

diagnosed with developmental speech and cognitive delays. Child was placed in foster care on July 30, 2015, and began to gain weight at a much faster rate.

A hearing was held on September 10, 2015, at which all parties agreed to an adjudication of dependency based upon present inability to care for Child. As to Child's care up to that point, Father asserted that he was ignorant of Child's needs because he was a non-custodial parent, had poor communication with Mother, and lacked notice of Child's medical appointments and services. The court made findings of child abuse involving aggravated circumstances and medical neglect against both Father and Mother.

Father filed a timely appeal,[2] raising the following issues for our review:

1. Did the [t]rial [c]ourt abuse its discretion in determining that [F]ather was [a] perpetrator by omission of child abuse?

2. Did the [t]rial [c]ourt abuse its discretion in determining that aggravated circumstances existed as to [F]ather?

3. Did the [t]rial [c]ourt abuse its discretion in determining that [Father] was a perpetrator by omission of medical neglect?

4. Did the [t]rial [c]ourt abuse its discretion in determining that no new or additional reasonable efforts needed to be made by DHS to reunify the [C]hild with [F]ather?

Brief of the Appellant, at vii.

---

[2] Mother did not file an appeal.

Our standard and scope of review are as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010).

Instantly, Father does not contest the trial court's finding of dependency, which occurs where a child

is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk.

42 Pa.C.S. § 6302. However, Father challenges the trial court's findings of child abuse by omission, medical neglect, and aggravated circumstances.

Pursuant to the Child Protective Services Law,[3] "child abuse" occurs when a person knowingly, intentionally, or recklessly causes bodily injury to a child or causes serious physical neglect of a child. 23 Pa.C.S. § 6303(b.1). "Serious physical neglect" involves "failure to provide a child with adequate essentials of life, including food, shelter or medical care." *Id.* at § 6303(a).

---

[3] 23 Pa.C.S. §§ 6301-6386.

Similarly, the Juvenile Act[4] indicates that "aggravated circumstances" exist where "[t]he child or another child of the parent has been the victim of physical abuse resulting in serious bodily injury, sexual violence or aggravated physical neglect by the parent." 42 Pa.C.S. § 6302. "Aggravated physical neglect" involves "[a]ny omission in the care of a child which results in a life-threatening condition or seriously impairs the child's functioning." *Id.*

Here, the record indicates that Child suffered from multiple birth defects and other medical problems that remained inadequately addressed while he was in his parents' care. Child was also fed inadequately, such that he failed to gain weight at an appropriate rate. As a result, it is clear that Child suffered child abuse on the basis that he did not receive necessary medical care. *See* 23 Pa.C.S. § 6303. Child's functioning was seriously impaired, since he was unable to grow at a normal rate and had untreated developmental delays. Thus, a finding of aggravated circumstances was proper under the circumstances. *See* 42 Pa.C.S. § 6302.

Despite clear indicators of abuse, Father asserted at the dependency hearing that he was not responsible because he was unaware of Child's medical needs. On appeal, he also argues that Child's care was beyond his control. Neither argument is availing, since Father had a duty to protect

_____

[4] 42 Pa.C.S. §§ 6301-6375.

Child from harm. *See In re R.P.*, 957 A.2d 1205, 1212 (Pa. Super. 2008) ("In determining whether there exists proper care, acts and omissions of a parent must weigh equally since parental duty includes protection of a child from the harm others may inflict.").

The record shows that Father was made aware of Child's birth defects and was instructed regarding his care after he was born. Father lived with Child for periods of time, saw him on a regular basis, and took him to at least one medical appointment. Here, not only did Father fail to provide Child with adequate medical care, he also failed to protect Child from Mother's neglectful and abusive behavior. Thus, Father's omissions in caring for Child resulted in abuse and aggravated circumstances as noted above. *See id.*; *see also In re L.Z.*, 111 A.3d 1164, 1184 (Pa. 2015) ("[O]missions [include] situations where the parent or responsible person is not present at the time of the injury but is nonetheless responsible due to his or her failure to provide protection for the child.").

Finally, Father argues that the trial court abused its discretion in determining that no efforts toward reunification of Father and Child are necessary. While this issue is included in Father's "Statement of Questions on Appeal" in his brief, he fails to include any argument on this point. Thus, the issue is waived on appeal. *See* Pa.R.A.P. 2119(a) (each issue argued

must be "followed by such discussion and citation of authorities as are deemed pertinent").[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

---

[5] Moreover, we note that where "the court finds aggravated circumstances exist, it is well within its discretion to order the cessation of reunification services." ***In re A.H.***, 763 A.2d 873, 878 (Pa. Super. 2000). Here, the court found that aggravated circumstances exist; therefore, the court did not abuse its discretion in concluding that reunification was not an appropriate goal.